BRAND *v.* CRAIG *et al.*

That the attorney for plaintiffs in attachment, when applied to by the levying officer to write the bond which he should take to release the property under levy, wrote a replevy bond, though knowing that the officer had agreed with the sureties therein to release the property upon their signing only a forthcoming bond, and that the bond was difficult to read, and that the attorney subsequently took judgment on it without notice to the sureties, would not render him liable to them in damages; the replevy bond being the only bond the officer could legally take, and there being no allegation of any understanding between him and the attorney that a bond different from the one the sureties expected to sign should be written, or that they consulted or relied on the attorney, or that he purposely wrote the bond so that it would be difficult to read; and it not being his duty to notify the sureties to appear and defend.
November 27, 1889.

Damages. Pleadings. Demurrer. Fraud. Attorney and client. Bonds. Before Judge HUTCHINS. Gwinnett superior court. March term, 1889.

In connection with this decision, see 80 *Ga.* 709, and 81 *Ga.* 650.

S. J. Winn, C. H. Brand and Harrison & Peeples, for plaintiff in error.

T. M. Peeples and N. L. Hutchins, Jr., by brief, *contra*.

Simmons, Justice.

Robert and George P. Craig brought suit against Brand, Cosby the sheriff, and McCandless; wherein they prayed for an injunction and damages, for the reasons set out in their petition. Cosby and Brand demurred on the grounds: (1) that there was no equity in the petition; (2) that there was an adequate remedy at common law; (3) that the questions sought to be raised by the bill were *res adjudicata;* and (4) because of the misjoinder of Brand. McCandless demurred on the ground that the court had no jurisdiction as to him, he being a resident of Butts county. The court sustained the demurrer of McCandless, and overruled the demurrer of Brand and Cosby; and to this decision Brand excepted.

We think the court erred in overruling the demurrer as to the plaintiff in error. We have carefully read the petition, and we do not think that Brand would be liable either at law or in equity, under any of the allegations made therein. We do not think that the mere fact that Brand wrote the replevy bond and knew that the Craigs only agreed to sign the forthcoming bond, would render him liable to them. There is no allegation of any conspiracy or understanding between Brand and the sheriff that Brand was to write a different bond from the one the Craigs expected to sign. The sheriff applied to him to write a bond in the case; he wrote the only bond which the sheriff could have legally taken under the law. Brand represented the plaintiff in the attachment proceedings, and it would have been a

violation of his duty as attorney to have taken or agreed to take any other than the bond prescribed by law. The Craigs did not consult Brand, nor is there any allegation in their petition that they relied upon him in the matter. While Brand wrote the bond and it was difficult to read, there is no allegation in the petition that he purposely wrote it so. The charge that Brand knew that the Craigs only intended to sign a forthcoming bond, and took a judgment in the superior court by default on the replevy bond without giving the Craigs notice, could not, in our opinion, make him liable. He did not represent the Craigs because he represented the plaintiff in attachment, and it was no part of his duty as the plaintiff's attorney to notify the Craigs to appear and defend.

There was no point made here upon the right of Brand to bring his bill of exceptions without joining Cosby therein as plaintiff.in error.    *Judgment reversed.*